S. MORGAN SMITH COMPANY, APPELLANT, v. VAN ACKEREN BROTHERS ET AL., APPELLEES.

FILED MAY 15, 1934. No. 28879.

*Williams & Williams,* for appellant.

*W. J. Donahue, contra.*

Heard before ROSE and PAINE, JJ., and REDICK and THOMSEN, District Judges.

THOMSEN, District Judge.

This is a suit to recover the balance due for a hydroelectric turbine installed by the plaintiff for the defendants. The purchase price was represented by notes, some of which, due to delay in installation, were paid by the defendants. Under the written contract between the parties, the plaintiff sent an expert erector to install the machinery,

and the defendants paid the erector for his time and expenses. At the conclusion of the installation, the erector expressed himself as dissatisfied with the completed job and advised the defendants not to finish payments on it until the company made it right, and this evidence is not denied in any of the testimony.

The written contract provided for the development of certain horse-power, and the defendants claim that the turbine failed by almost one-half to develop the guaranteed horse-power. Changes in the water supply recommended by the plaintiff's engineer were made by the defendants, they claim, but even such changes failed to increase the efficiency of the turbine substantially.

The case was tried to the court without the aid of a jury. The court found for the defendants. In this situation, the appellate court is required to determine only whether any evidence exists to sustain the findings of the trial court, since the credibility of witnesses was a matter for the trial court's determination. We have read the bill of exceptions and find sufficient evidence to sustain the findings of the trial court.

However, the plaintiff contends that the defendants did not fulfill the terms of their written contract, in that the defendants under such contract were required to furnish the plaintiff "with all necessary information, such as measurements, the size of the head of water, size of the flume, etc., before the company could even design the turbine." A sufficient answer to this is that, although the contract did so provide, the plaintiff's own engineer was on the ground and made all of the required measurements, and it was from the data furnished by this engineer before the order was ever placed that ultimately the plans and specifications were drawn. Under those conditions it became unnecessary for the defendants to furnish the plaintiff with any details.

The only other provision of the contract mentioned in the brief of appellant, with which it is stated the defendants did not comply, is that, under certain conditions of dispute

as to the efficiency of the machinery, tests should be made at the expense of the purchaser, and that the purchaser should give the company reasonable notice of such tests, so that the company could also have a representative present when the tests were made, and the tests should be made according to the American Society of Mechanical Engineers' code. The evidence shows that the plaintiff on at least two different occasions sent experts to inspect the plant and to attempt to satisfy the defendants that the contract had been fulfilled. Moreover, the expert erector upon completion of the job was dissatisfied with the performance of the machinery, and the correspondence indicates that the plaintiff was informed of this fact immediately. As we view the evidence, the plaintiff had the advantage of this provision of the contract. The provision seems to have been inserted for the purpose of ample notice to the plaintiff and ample opportunity to remedy defects. The record shows that both of these purposes were fulfilled by actual knowledge and investigation.

This case is to be distinguished from those cases cited by plaintiff in his brief, for example, in which pipes, radiators and all heating equipment, except the boiler, were furnished by the contractor, and due to the boiler's inefficiency the equipment furnished by the contractor failed to give satisfactory and efficient service. *Knutzen v. Hanson,* 28 Neb. 591. In the instant case the plaintiff's expert engineer investigated and knew all of the conditions present before the order was ever signed, knew the purpose for which the machinery was intended, and the water supply with which it had to operate, and the machinery which it had to supplant. What the plaintiff attempted was to furnish a turbine for a specific purpose, to meet a specific condition, and this under the defendants' theory and evidence the plaintiff failed to do. We are satisfied that the evidence of the defendants is ample to sustain the findings of the district court.

The plaintiff assigns as error the court's admitting evidence, over the objection of the plaintiff, which was prej-

udicial to the plaintiff, but nowhere in the brief does appellant point out specifically such claimed erroneous admission of evidence. Although we have read the bill of exceptions, it is not the duty of the court to search the record for all the details of claimed errors. The plaintiff should have specifically called the court's attention to any such claimed errors upon which it relied.

One other matter is to be mentioned: The appellant failed to comply with rule 13 of the supreme court rules, sections 1 and 3, in preparing its briefs. Although the failure to cite the jurisdiction from which the different cited decisions were taken, and particularly the failure to give the Nebraska citations, has required much additional work on the part of the court, yet in this instance we have not invoked the penalty mentioned in *Joyce v. Tobin*, 126 Neb. 373.

Since we find sufficient evidence in the record to sustain the findings of the district court, the judgment of the district court is in all respects

AFFIRMED.